UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

BRYSON TYRONE STREET,                    )
                                         )
                    Plaintiff,           )
                                         )
           v.                            )        No. 1:20-cv-03091-JPH-MPB
                                         )
DALTON ALBRECHT,                         )
                                         )
                    Defendant.           )

**ENTRY GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*,
ASSESSING INITIAL PARTIAL FILING FEE,
SCREENING COMPLAINT, AND
DIRECTING ISSUANCE AND SERVICE OF PROCESS**

### I. *In Forma Pauperis* Motion

The plaintiff's motion to proceed *in forma pauperis,* dkt. [3], is **granted.**

The plaintiff is assessed an initial partial filing fee of Four Dollars and Twenty-Five Cents ($4.25).  He shall have **through January 6, 2021,** to pay this sum to the clerk of the district court. Failure to pay the initial partial filing fee as directed in this Entry could result in the dismissal of the action for failure to comply with Court orders and failure to prosecute.

After the initial partial filing fee is received, the Court will issue a collection order to withhold the balance of the $350.00 filing fee.

### II. Screening of Complaint

**A.    *Legal Standards***

Plaintiff Bryson Street is a prisoner currently confined at Pendleton Correctional Facility (PCF). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), the Court has an obligation under § 1915A(a) to screen his complaint before service on the defendants. Pursuant to § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a

1

claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal,* 851 F.3d at 720.

**B.    *Discussion***

The complaint filed on November 30, 2020, names a single defendant, Dalton Albrecht, who is allegedly employed by Aramark as a supervisor. For relief, Mr. Street seeks compensatory damages.

Mr. Street alleges that Mr. Albrecht violated his First Amendment rights by retaliating against him for filing a lawsuit against Mr. Albrecht, among others. Mr. Street alleges that Mr. Albrecht caused him to be fired from his prison job in the kitchen in retaliation for Mr. Street filing the earlier lawsuit. He alleges that after he filed the earlier lawsuit, Mr. Albrecht told him he had not spelled his name right, harassed him, and told him he "would pay for filing that suit." Dkt. 2 at 6. Mr. Street alleges that Mr. Albrecht wrote a bad work evaluation to get Mr. Street fired. He has been black-listed and cannot be rehired by Aramark.

The First Amendment claim of retaliation against Mr. Albrecht **shall proceed.**

This is the claim the Court discerns in the complaint. If Mr. Street believes that additional claims were alleged in the complaint but not identified by the Court, he shall have **through January 6, 2021,** in which to identify those claims.

### III.  Service of Process

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendant Dalton Albrecht in the manner specified by Rule 4(d). Process shall consist of the complaint filed on November 30, 2020 (docket 2), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The clerk is directed to serve a courtesy copy of this Entry on Christopher Cody, attorney.

**SO ORDERED.**

Date: 12/3/2020

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRYSON TYRONE STREET
998384
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Dalton Albrecht
Aramark Supervisor
Pendleton Correctional Facility
4490 West Reformatory Rd.
Pendleton, IN 46064

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
54 Monument Circle, 4th floor
Indianapolis, IN 46204